**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **STEFANY CALVO-VELASQUEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**GARRET J. RIPA, ET AL.,**<br><br>**Respondents.** | **Civil No. 26-1562 (ADC)** |

**MEMORANDUM AND ORDER**

On August 30, 2026, Stefany Calvo-Velasquez's ("petitioner") filed the instant habeas corpus petition ("petition") alleging her detention without a bond hearing is illegal. **ECF No. 1**.

Before the Court are Stefany Calvo-Velasquez's ("petitioner") "emergency motion for temporary restraining order preventing transfer outside the district of Puerto Rico expedited consideration requested" ("TRO") and "[e]mergency informative motion in further support of pending motion for temporary restraining order not to transfer petitioner from Puerto Rico." **ECF Nos. 2** and **5.**

According to the record, petitioner, is a citizen and national of Colombia who legally entered the United States on August 7, 2018. **ECF No. 1** at 1-5. Petitioner claims that she has resided in the country continuously since then and has allegedly filed an asylum claim with U.S. Citizenship and Immigration Services ("USCIS"). Although the asylum request remains pending adjudication petitioner sought and obtained a Work Permit ("Employment

Authorization Document") that is valid until April 22, 2030, and has not been cancelled or revoked. Utilizing this permit, she claims that she has maintained steady, lawful employment and has established ties with the community, and has no criminal history. *Id.*, at 5.

Mrs. Calvo Velasquez posits that she was arrested on August 25, 2026, during an immigration enforcement operation and has been detained at the Guaynabo Immigration Detention Center in Puerto Rico, under the authority of the Miami Field Office of Immigration and Customs Enforcement ("ICE"). *Id*. Petitioner asserts that she was unlawfully arrested and remains detained pursuant to 8 U.S.C. § 1225. Specifically, based on the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). Petitioner alleges that the BIA's reasoning in *Yajure Hurtado* has been rejected by multiple federal District Courts and, more importantly, by a binding decision of the First Circuit in *Guerrero Orellana v. Moniz*, No. 25-2152, 2026 WL 2352042 (1st Cir. Aug. 13, 2026). Accordingly, she asks that the Court issue a TRO prohibiting respondents from transferring her out of this District Court's jurisdiction until this Court rules on her petition pursuant to Federal Rule of Civil Procedure 65(b) and 28 U.S.C. § 2241.

On August 31, 2026, petitioner informed that she received notice of a "…Custody Redetermination Hearing in Petitioner's removal proceedings, File No. A235-219-949, scheduling Petitioner's bond hearing for September 3, 2026, at 8:30 a.m., to be conducted remotely." **ECF No. 5** at 3. According to petitioner, this information is crucial and warrants the immediate issuance of the TRO since a transfer will make her "lose the opportunity to appear at

and be heard at her scheduled custody redetermination hearing, in addition to losing access to this Court." *Id*.

The Court has jurisdiction to review petitioner's habeas petition. *See García-Espinal v. Ripa, et al.*, No. CV 26-1039 (GMM), 2026 WL 184719, at *2 n.1 (D.P.R. Jan. 23, 2026); *Jerson Luis Mari v. Ripa, et al*, Civ. No. 26-1172 (ADC) (D.P.R. April 20, 2026) at ECF No. 37.

Moreover, Fed. R. Civ. P. 65 allows the Court, in its discretion, to issue a preliminary injunction or a TRO. A TRO is "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for preliminary injunction…." 11A Wright, Miller & Kane, Federal Practice and Procedure § 2951 (3d ed. 2013). Under certain circumstances, the Court may issue a TRO *ex parte*, that is, "without written or oral notice to the adverse party or its attorney…." Fed. R. Civ. P. 65(b)(1). To determine whether to issue a TRO, the Court applies the same analysis used to evaluate a request for a preliminary injunction. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Accordingly, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (citing *Jean v. Massachusetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007). Where the government is the opposing party, the balance of

equities and public interest merge. *Does 1-6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021) (citation modified).

On the limited record before it, the Court finds that these discretionary factors are met. Petitioner is likely to succeed on her claim that the respondents' position as to her detention status (*i.e.* 8 U.S.C. § 1225) is wrong as a matter of law, that she is detained pursuant to 8 U.S.C. § 1226(a), and that she is thus entitled to, at the very least, a bond hearing. Two weeks ago, the First Circuit adopted the same view in *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094 (1st Cir. Aug. 13, 2026)("Guerrero Orellana's interpretation of the disputed statutory provisions here aligns with Supreme Court precedent explaining how §§ 1225 and 1226 function. The government's interpretation, in contrast, fails to give meaning to all the language Congress enacted in § 1225(b)(2)(A) and simultaneously nullifies large swaths of § 1226(c). Thus, we must reject the government's interpretation.") *Id.*, No. 25-2152, 2026 WL 2352042, at *15. *See also Jerson Luis Mari v. Ripa, et al*, Civ. No. 26-1172 (ADC) (D.P.R. April 20, 2026) at ECF No. 37 (ruling on the merits of the petition); *García-Espinal v. Ripa, et al.*, 2026 WL 184719, at *5; *see also Lora-Salazar v. Ripa, et al.*, Civ. No. 26-1014 (MAJ) (D.P.R. Jan. 13, 2026), at ECF No. 5 (issuing TRO based on the same arguments).

Petitioner is likely to suffer irreparable harm in absence of a TRO because the "'irremediable' injury would be threefold: detention, removal from this Court's jurisdiction pending [petitioner's] habeas corpus proceedings; and the ensuing, imminent consequences that such removal would have on [her] person and [her] rights." *García-Espinal v. Ripa, et al.*, 2026

WL 184719, at *6. Likewise the balance of equities and public interest favors the issuance of the TRO: "[w]here a petitioner has demonstrated a likelihood that the Government's conduct is inconsistent with governing law, these factors weigh in favor of injunctive relief. . . . [T]here is no public interest in the enforcement of unlawful agency action." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 436 (2009); *Hernández-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021)).

Accordingly, the Court **GRANTS** petitioner's emergency motion at **ECF No. 2**. Petitioner shall serve respondents in 48 hours and shall also **IMMEDIATELY** notify respondents of this order by electronic or other means. Respondents are temporarily **ENJOINED** from transporting or transferring petitioner out of the jurisdiction of the District of Puerto Rico.

By no later than September 4, 2026, petitioner shall **SHOW CAUSE** in writing why the petition is not MOOT.

If the petitioner is not rendered MOOT by the redetermination hearing scheduled for September 3, 2026, by no later than September 20, 2026, respondents shall **SHOW CAUSE** in writing why the petition should not be granted.

This order shall become effective as of its time and date of issuance and shall expire on August 15, 2026, at noon time, without prejudice to it being extended for good cause.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of September, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**